1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  HOMERO GOMEZ,

10              Plaintiff,

11      v.

12  THE CALIFORNIA BOARD OF PRISON
    TERMS, et al.,

13

14              Defendants.

15

16  _____/

CASE NO. 1:07-cv-01063-OWW-DLB PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF ACTION
FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF MAY BE GRANTED, and

FINDINGS AND RECOMMENDATIONS
RECOMMENDING THAT THIS ACTION
**COUNT AS A STRIKE PURSUANT TO 28
USC 1915(g)**

17  I.      Screening Order

18          A.      Screening Standard

19          Plaintiff Homero Gomez("plaintiff") is a state prisoner proceeding pro se and in forma

20  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April

21  24, 2007, and was transferred from the Northern District of California.

22          The court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

1   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

2       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

3   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

4   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

5   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

6   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

7   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

8   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

9   the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

10  the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

11  the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

12  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

13  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

14  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

15  2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

16  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

17  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

18  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

19  266, 268 (9th Cir. 1982)).

20          B.      Plaintiff's Claims

21      Plaintiff is currently housed at Kern Valley State Prison.  Plaintiff names the California

22  Board of Prison Terms and Warden Hedgpeth as defendants.  Plaintiff alleges that defendants failed

23  to inform him of his right to be deported back to Mexico, his country of origin, to serve his prison

24  term. Plaintiff alleges that in so doing, defendants violated his rights under the First and Fourteenth

25  Amendments of the United States Constitution.  Plaintiff seeks relief pursuant to Section 1983.

26  Plaintiff is seeking a full annulment of his conviction and sentence, as well as money damages for

27  what plaintiff alleges is an  unconstitutional imprisonment.

28  ///

2

1        C.      Writ of Habeas Corpus

2        When a prisoner challenges the legality or duration of his custody, or raises a constitutional

3 challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas

4 corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990),

5 cert. denied 11 S.Ct. 1090 (1991).   Moreover, when seeking damages for an allegedly

6 unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or

7 sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

8 tribunal authorized to make such determination, or called into question by a federal court's issuance

9 of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).

10 "A claim for damages bearing that relationship to a conviction or sentence that has not been so

11 invalidated is not cognizable under § 1983." Id. at 488.

12        Further, in Breard v. Greene, 523 U.S. 371, 377 (1998), 118 S. Ct. 1352, the Supreme Court

13 found it extremely doubtful that a violation of the consular notification provisions of the Vienna

14 Convention on Consular Relations (Vienna Convention), April 24, 1963, [1970] 21 U.S.T. 77

15 should result in an overturning of a final judgment or conviction, without some showing that the

16 violation had an effect on the trial. Breard, citing Arizona v. Fulminante, 499 U.S. 279, 111 S. Ct.

17 1246, 113 L.Ed. 2d 302 (1991).

18        In the present case, plaintiff raises a constitutional challenge regarding the legality of his

19 custody, and seeks money damages for an allegedly unconstitutional sentence and imprisonment.

20 Plaintiff's sole remedy is a writ of habeas corpus.  Plaintiff's complaint does not state any claim for

21 relief under 42 U.S.C. § 1983.

22        D.      Conclusion

23        Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for

24 failure to state a claim upon which relief may be granted.

25        These Findings and Recommendations will be submitted to the United States District Judge

26 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

27 **days** after being served with these Findings and Recommendations, plaintiff may file written

28 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

1   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

2   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

3   1153 (9th Cir. 1991).

4       IT IS SO ORDERED.

5       **Dated:**   **April 30, 2008**           **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28